Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LANTZ JEUDY**, | ) |
|  Plaintiff, | ) |
|  v. | ) Case No.: 2:12-cv-04616-JLL-MAH |
| **DYNAMIC RECOVERY SOLUTIONS**, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
|  Defendant. | ) **(Unlawful Debt Collection Practices)** |

## AMENDED COMPLAINT

LANTZ JEUDY ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DYNAMIC RECOVERY SOLUTIONS ("Defendant" or "Dynamic"):

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and New Jersey common law.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331, and supplemental jurisdiction for state claims exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### III. **PARTIES**

5. Plaintiff is a natural person who resides in Irvington, New Jersey.

6. Defendant is a debt collection company with headquarters located at 135 Interstate Boulevard, Suite 6, Greenvile, SC 29615.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

8. Defendant regularly does business in the State of New Jersey, therefore personal jurisdiction is established.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. **FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant sought to collect an alleged consumer debt from Plaintiff regarding a Citibank MasterCard that Plaintiff never owned.

11. Upon information and belief, the alleged debt arose out of transactions that were for personal, family or household purposes, as Plaintiff's have no business debt.

12. As Plaintiff has no business debt, the debt sought by Defendant could have only been personal in nature.

13. Between May and July of 2012, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone related to the debt that he does not owe.

14. Defendant's harassing collection calls derived from numbers including, but not limited to (914) 363-7060. The undersigned has confirmed that this number belongs to Defendant.

15. Defendant's collectors, including but not limited "Danielle", called Plaintiff's cellular telephone multiple times per day to collect a debt Plaintiff does not and has never owed.

16. On at least on occasion, Defendant's collectors called Plaintiff on his cellular telephone prior to 8:00 am.

17. After months of receiving a harassing amount of telephone calls, Plaintiff answered his phone and spoke with a "Danielle" and insisted he had not ever opened a Citibank credit card.

18. "Danielle" hung up on Plaintiff during their conversation.

19. Plaintiff called Defendant back and spoke with another female collector.

20. During this conversation with the Defendant, Plaintiff once again asserted that he did not owe the debt, and that he never had a Citibank credit card.

21. Despite Plaintiff's insistence that he never opened a Citibank credit card, Defendant's collector insisted that he owed the debt.

22. Furthermore, Defendant threatened to sue Plaintiff for the debt, and to place a lien against his property.

23. Defendant never took any steps to follow through on the threats regarding legal action, and is legally unable to do so as Plaintiff does not owe the alleged debt.

24. Defendant also chastised Plaintiff for not accepting responsibility for his "failure to pay his bills".

25. The accusation that he was not "accepting responsibility" was highly offensive to Plaintiff, who does not even owe this debt.

26. Defendant further threatened Plaintiff and told him it was going to contact his employer, which could ruin his reputation at work.

27. While Defendant never made good on its threat to contact Plaintiff's employer, he was nervous and upset about the prospect of Defendant doing so.

28. Plaintiff was confused, stressed and angry at Defendant's unnecessary rudeness.

29. Defendant took the actions described herein with the intent to harass, deceive and coerce payment from Plaintiffs, without regard for their FDCPA rights.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

30. Section 1692c(a)(1) of the FDCPA prohibits debt collectors from contacting consumers at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian.

31. Defendant violated §1692c(a)(1) when it called Plaintiff prior to 8 o'clock antemeridian.

### COUNT II

32. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

33. Defendant violated § 1692d of the FDCPA when is continuously and repeated called Plaintiff to collect a debt he does not owe, when it continued to call Plaintiff when Plaintiff informed it he did not owe the alleged debt, when it threatened to sue Plaintiff, when it threatened to get a lien against Plaintiff's property, when it threatened to ruin Plaintiff's

financial reputation by contacting Plaintiff's employer, and when it engaged in other harassing and oppressive conduct in its attempt to collect a debt that Plaintiff does not owe.

### COUNT III

34. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

35. Defendant violated § 1692d(5) of the FDCPA by causing Plaintiff's cellular telephone to ring repeatedly.

### COUNT IV

36. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or mean in connection with the collection of any debt.

37. Defendant violated § 1692e of the FDCPA when it threatened to sue Plaintiff if he did not pay the debt without the intention of doing so, when it threatened to get a lien against Plaintiff's property, when it threatened to contact Plaintiff's employer and ruin his financial reputation, and when it engaged in other deceptive or misleading conduct.

### COUNT V

38. Section 1692e(4) prohibits debt collectors from representing or implying that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector intends to take such action.

39. Defendant violated § 1692e(4) when it threatened to get a lien against Plaintiff's property without the intent or the ability to do so.

**COUNT VI**

40. Section 1692e(5) prohibits debt collectors from threatening to take any action that cannot legally be taken.

41. Defendant violated § 1692e(5) of the FDCPA when it threatened to bring suit against Plaintiff when it lacked intent and ability to do so, when it threatened to get a lien against Plaintiff's property without intent to do so.

**COUNT VII**

42. Section 1692e(10) prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt.

43. Defendant violated § 1692e(10) when it  when is continuously and repeated called Plaintiff to collect a debt he does not owe, when it threatened to sue Plaintiff and to place a lien against Plaintiff's property, and when it made other false and deceptive representations.

**COUNT VIII**

44. Section 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

45. Defendant violated § 1692f when it when is continuously and repeated called Plaintiff to collect a debt he does not owe, when it continued to call Plaintiff when Plaintiff informed it he did not owe the alleged debt, when it threatened to sue Plaintiff, when it threatened to get a lien against Plaintiff's property, when it threatened to ruin Plaintiff's financial reputation by contacting Plaintiff's employer, and when it engaged in other unfair conduct.

**COUNT IX**

46.     Section 1692f(1) prohibits debt collectors from attempting to collect any amount not expressly authorized by agreement or by law.

47.     Defendant violated § 1692f(1) when it when it attempted to collect a debt that Plaintiff does not owe.

**COUNT X**
**DEFENDANT WAS NEGLIGENT IN ITS HIRING, TRAINING AND SUPERVISION OF DEBT COLLECTORS AND/OR ADMINISTRATIVE ASSISTANTS**

48.     Defendant's debt collectors, administrative assistants and other representatives or employees were repeatedly notified by Plaintiff that he did not owe this debt.

49.     Despite the fact that Defendant was on constructive notice that it was dunning Plaintiff for a debt that he did not owe, Defendant took no steps to verify the records with the original creditor to assure that information is accurate.

50.     The fact that Defendant's debt collectors did so, could only have been a result of the negligent hiring, training and supervision of Defendant's debt collectors and/or administrative assistants.

51.     Defendant is required to adequately train and supervise actions of its employees.

52.     The persons who threatened and insulted Plaintiff, in order to collect a debt that he did not owe, are employees of Defendant.

53.     Due to the anxiety, stress, stigma and shame that is associated with owing a debt, Defendant created an unreasonable risk of harm to Plaintiff and other persons, by failing to adequately train its employees to avoid dunning individuals for debts not owed and to avoid insulting and threatening individuals perceived to be debtors.

54. Additionally, Defendant was negligent in failing to assure that its employees update its records to advise other employees not to call non-debtors.

55. Defendant failed to exercise foresight, prudence and caution in supervising its employees and created an unreasonable risk of annoyance, anxiety and harm to Plaintiff.

56. The fact that Defendant's employees continued to call Plaintiff after notification that they were calling the wrong number indicates that Defendant hired incompetent debt collectors and/or administrative assistants.

57. Additionally, Defendant's failure to properly train its employees about the FDCPA and other consumer protection statutes led to Defendant's insults and threats to Plaintiff.

58. As a proximate result of Defendant's negligent hiring, training and supervision, Plaintiff became frustrated, angered, insulted and anxious about the debt collection calls and their content.

59. Plaintiff is entitled to actual damages for Defendant's negligent hiring, training and supervision.

60. The conduct of Defendant was willful, deliberate, intentional, and/or with reckless disregard for the interests and rights of the Plaintiffs, such as to justify an award of punitive damages pursuant to *N.J.S.A.* § 2A:15-5.9, *et. seq.*

WHEREFORE, Plaintiff, LANTZ JEUDY, respectfully prays for a judgment as follows:

    a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and New Jersey common law negligent training, hiring and supervision;

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d.    Punitive damages for Defendant's negligent training, hiring and supervision; and

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LANTZ JEUDY, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

DATED:  08/02/2012

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff
Attorney ID # AB 0891
Kimmel & Silverman, P.C
1930 E. Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Phone: (856) 429-8334
Facsimile: (856) 216-7344
Email: abennecoff@creditlaw.com